UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL DUNN,

         Plaintiff,

    v.

MARGRET HOSFEDITU, et al.,

         Defendants.

Case No.16-cv-01562-HSG

**ORDER DISMISSING CASE AS MOOT**

Re: Dkt. No. 30

    Pending before the Court is the motion for judgment on the pleadings, filed by Defendants Margaret Hoffeditz, Kennalee Gable,[1] employees of California's Department of Health Care Services ("DHCS"), and Edmund G. Brown, Jr., in his official capacity as the Governor of the State of California ("Defendants"). Dkt. No. 30. Because of a recent change in the applicable law, the Court finds that the action is moot and that the Court accordingly lacks jurisdiction.

**I.    BACKGROUND**

    On March 29, 2016, pro se plaintiff Michael Dunn ("Plaintiff") brought this action to prevent Defendants from using the Medi-Cal Estate Recovery Program once he died to recover from his estate the cost of Medi-Cal services that he received since age 55. Plaintiff had been enrolled in Medi-Cal for a brief period after his application was approved in February 2011. Dkt. No. 1 & Ex. 1 at 1. During that time, Plaintiff received Medi-Cal payments for: (1) Fee for Service Claims; (2) Medicare Part B Premiums; (3) Partnership Health Plan of California; and (4) Denti-Cal Premiums. Dkt. No. 1, Ex. 1 at 17.

    In their motion for judgment on the pleadings, however, Defendants concede that the Medi-Cal Estate Recovery Program has changed significantly since Plaintiff filed this action. The

---

[1] The complaint misspells Ms. Hoffeditz and Mr. Gable's names. Dkt. No. 1.

California Legislature passed Senate Bill 833 in 2016, which limited the Medi-Cal Estate Recovery Program for members who die after January 1, 2017. *See* 2015 Cal. S.B. No. 833, § 22, Cal. 2015–2016 Regular Session (enacted). For those members, DHCS may now only recover from their estate "for those services *required* to be collected under federal law." Cal. Welf. & Inst. Code § 14009.5(a)(1), (b) (emphasis added). Federal law, in turn, only requires the state to recover payments made for members 55 years of age or older for limited services, including "nursing facility services, home and community-based services, and related hospital and prescription drug services." 42 U.S.C. § 1396p(b)(1)(A), (B)(i).

Defendants acknowledge that in light of the amendments to Welfare & Institutions Code § 14009.5, they cannot recover any of the Medi-Cal costs at issue in this action. During a telephonic status conference on January 19, 2016, Defendants agreed to send Plaintiff a letter explaining the change in the law and its effect on his case. *See* Dkt. No. 40. Defendants sent Plaintiff this letter on January 23, 2017. *See* Dkt. No. 41.

## II.    LEGAL STANDARD

Article III of the United States Constitution limits federal jurisdiction to "actual, ongoing cases or controversies." *Wolfson v. Brammer*, 616 F.3d 1045, 1053 (9th Cir. 2010) (citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). To sustain jurisdiction, "[a] case or controversy must exist at all stages of review, not just at the time the action is filed." *Id.* "A case may become moot . . . when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* This Court is "without power to decide questions that cannot affect the rights of litigants in the case before [it]." *Oregon v. F.E.R.C.*, 636 F.3d 1203, 1206 (9th Cir. 2011).

## III.   DISCUSSION

Here, the California Legislature changed the law for Estate Recovery Programs shortly after Plaintiff filed his complaint. As of January 1, 2017, Defendants cannot recover from Plaintiff's estate any of the Medi-Cal costs that Plaintiff identifies: Plaintiff does not allege, and the records do not show, that any of the Medi-Cal services he received since age 55 constitute "nursing facility services, home and community-based services, and related hospital and

prescription drug services." *See* 42 U.S.C. § 1396p(b)(1)(A), (B)(i).  Consequently, there is no longer a live case or controversy and this action is moot.

### IV.	CONCLUSION

For the foregoing reasons, the case is DISMISSED as moot.  The clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated:  2/13/2017

*[signature]*
HAYWOOD S. GILLIAM, JR.
United States District Judge

3